## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN  DISTRICT OF INDIANA

| | |
|---|---|
| HUGO DIAZ | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EXPERIAN INFORMATION | )   Civil Case No. 4:23-cv-0011-TWP-TAB |
| SOLUTIONS, INC., EQUIFAX | ) |
| INFORMATION SERVICES, LLC, AND | ) |
| TRANS UNION LLC. | ) |
| | ) |
| Defendant[s]. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Experian Information Solutions, Inc. ("Experian"), by and through its

undersigned counsel, and answers the Complaint filed by Plaintiff Hugo Diaz ("Plaintiff").

Experian restates Plaintiff's Complaint allegations with Experian's response to each numbered

paragraph immediately following.  As an initial matter, Experian reserves the right to supplement or

amend its answer based on future investigation or discovery. Experian states as follows:

## I. NATURE OF THE CASE

1. Plaintiff brings this action against the Defendants for violations of the federal Fair Credit Reporting

    Act ("FCRA"), 15 U.S.C. §§ 1681, et seq.

    **ANSWER:**  Experian states that this is a legal conclusion which is not subject to denial or

    admission. To the extent a response is required, Experian admits that Plaintiff states

    allegations against Experian in the Complaint but Experian denies it has violated the FCRA

2. The Defendants are credit reporting agencies ("CRA") that have been wrongfully reporting

    negative payment statuses on a Capital One credit card account that Plaintiff Hugo Diaz proved

to the Defendants he had not been late on.

> **ANSWER:**  Experian denies this allegation as it relates to Experian.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

3.  The Defendants include this logically inconsistent information because they do not have adequate policies and procedures in place to ensure that it prevents such logical inconsistencies, like reporting negative information on an account that has been proven not late.

> **ANSWER:**  Experian denies this allegation as it relates to Experian.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

4.  As the Consumer Financial Protection Bureau recently addressed, "a consumer reporting agency that does not implement reasonable internal controls to prevent the inclusion of facially false data, including logically inconsistent information, in consumer reports it prepares is not using reasonable procedures to assure maximum possible accuracy." The purpose of this opinion was to "highlight that the legal requirement to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individuals about whom the reports relate includes, but is not limited to, procedures to screen for and eliminate logical inconsistencies to avoid including facially false data in consumer reports." *Id.* In summary, where an account status (like a 'negative' payment in 2020) is plainly inconsistent with other information reported on that account (like a "discharged in bankruptcy" from 2017), this facially illogical reporting is evidence of a consumer reporting agency's failure to have the policies and procedures required to meet its FCRA accuracy obligations.

**ANSWER:**  Experian states that this is a legal conclusion that is not subject to denial or admission. To the extent a response is required, Experian states that the FCRA speaks for itself, and denies the allegations of paragraph 6 to the extent they misstate the obligations of Experian under the FCRA.

5.   Plaintiff, Hugo Diaz ("Plaintiff"), therefore brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") alleging that EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian" or "Defendant"); EQUIFAX INFORMATION SERVICES, LLC ("Equifax" or "Defendant"); and TRANSUNION LLC., INC. ("Transunion" or "Defendant"); collectively, "The Defendants", have negligently and recklessly disseminated false and logically inconsistent information regarding the Plaintiffs credit.

**ANSWER:**  Experian admits that Plaintiff has alleged jurisdiction based on 15 U.S.C. §1681p and 28 U.S.C. § 1331.  Experian denies the remaining allegations of this paragraph.

6.   Plaintiff further alleges that the Defendants failed to follow reasonable procedures to ensure maximum accuracy of credit reports it prepared concerning Plaintiff and that the Defendants failed to investigate the credit report inaccuracies in response to Plaintiffs dispute.

**ANSWER:**  Experian denies this allegation as it relates to Experian.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

7.   Plaintiff, seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

**ANSWER:**  Experian denies this allegation as it relates to Experian.

## II. PARTIES

8.   Plaintiff HUGO DIAZ is a natural person and consumer, a resident of Floyd County, State of Indiana, and a "consumer" as defined by 15 U.S.C. § 168 la(c) of the FCRA.

> **ANSWER:**  Experian admits the allegations in this paragraph.

9.  Defendant, Equifax, is a foreign limited liability corporation to do business in and regularly conducts business in the State of Indiana.

> **ANSWER:**  Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10.  Defendant, Equifax, is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. 1681d.

> **ANSWER:**  Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11.  Defendant, Experian, is a foreign corporation authorized to do business in and regularly conducts business in the State of Indiana.

> **ANSWER:**  Experian admits this allegation.

12. Defendant, Experian, is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports as

defined in 15 U.S.C. 1681d.

    **ANSWER:** Experian admits this allegation.

13.  Defendant, Transunion, is a foreign corporation authorized to do business in and regularly conducts business in the State of Indiana.

    **ANSWER:** Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14.  Defendant, Transunion, is a consumer reporting agency as defined in 15 U.S.C. § 168la(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. 1681d.

    **ANSWER:** Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### III. JURISDICTION AND VENUE

15. The Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 168lp, and 28 U.S.C. § 1331.

    **ANSWER:** Experian admits that this Court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C. § 1331.

16. Venue is proper in this Court because Plaintiff Hugo resides in this District and was harmed in this District. See, 28 U.S.C. §139l(b)(2). Defendants further regularly conduct business in this District.

> **ANSWER:** Experian admits that this is the proper district, but denies that Plaintiff was harmed.

## IV. STATUTORY STRUCTURE

### FAIR CREDIT REPORTING ACT

17.  The Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. was enacted to require the consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. 15 U.S.C. § 1681(b).

> **ANSWER:** Experian states that this is a legal conclusion that is not subject to denial or admission. To the extent a response is required, Experian states that the FCRA speaks for itself, and denies the allegations of paragraph 17 to the extent they misstate the obligations of Experian under the FCRA.

18. Under the FCRA, whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. § 168le(b).

> **ANSWER:** Experian states that this is a legal conclusion that is not subject to denial or admission. To the extent a response is required, Experian states that the FCRA speaks for itself, and denies the allegations of paragraph 18 to the extent they misstate the obligations of Experian under the FCRA.

19.  Under the FCRA, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and

record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 - day period beginning on the date on which the agency receives the notice of dispute from the consumer. 15 U.S.C. §°1681i(a).

> **ANSWER:** Experian states that this is a legal conclusion that is not subject to denial or admission. To the extent a response is required, Experian states that the FCRA speaks for itself, and denies the allegations of paragraph 19 to the extent they misstate the obligations of Experian under the FCRA.

20.  In conducting any reinvestigation under §1681i(a)( I ) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described i n §1 681 i(a)( I )(A) with respect to such disputed information. 15 U.S. C. §1681i(a)(4).

> **ANSWER:** Experian states that this is a legal conclusion that is not subject to denial or admission. To the extent a response is required, Experian states that the FCRA speaks for itself, and denies the allegations of paragraph 20 to the extent they misstate the obligations of Experian under the FCRA.

21.  Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorney's fees. 15 U.S.C. § 1681n.

**ANSWER:** Experian states that this is a legal conclusion that is not subject to denial or admission. To the extent a response is required, Experian states that the FCRA speaks for itself, and denies the allegations of paragraph 21 to the extent they misstate the obligations of Experian under the FCRA.

22.  Under the FCRA, any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure, the costs of the action together with reasonable attorney's fees. 15 U.S.C. § 16810.

**ANSWER:** Experian states that this is a legal conclusion that is not subject to denial or admission. To the extent a response is required, Experian states that the FCRA speaks for itself, and denies the allegations of paragraph 22 to the extent they misstate the obligations of Experian under the FCRA.

## V. FACTUAL ALLEGATIONS

**DEFENDANTS FURNISHER POLICIES**

23.  Defendants, three of the largest providers of consumer information in the country, rely on "furnishers" of consumer information, such as credit card issuers, auto dealers, lenders, and other creditors, to provide them the data that is utilized to generate the consumer reports they sell and distribute. The Defendants promote the reporting of consumer data as a means for "promoting a healthy credit eco-system for all," claiming doing so can "[r]educe risky lending decisions", "[i]mprove your customers' experience", "[m]inimize delinquencies and collections", and, notably, "[i]ncrease on-time payments and collect bad debt - **When customers know that their lenders report, they are more likely to pay on time. You can also encourage late payers to resolve outstanding debts before delinquency affects their credit.**"[2] (emphasis added).

> **ANSWER:** Experian admits this allegation as it relates to Experian.

24.  In order to become a furnisher of consumer information to Defendant, the Defendants require a company submit a Credentialing Application, a Data Release Agreement, and a Subscriber Questionnaire Document. Once approved, upon information and belief, the furnisher pays the Defendants regular fees in order to report consumer data that would be included on individual consumer's credit reports.

> **ANSWER:** Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25.  Upon information and belief, the Defendants claim that before accepting information from a particular furnisher, it conducts an investigation to determine whether the furnisher is a source of reliable information, for example through an audit of the furnisher's data. The Defendants purport to further conduct periodic audits of the furnisher's data to assure its continuing reliability.

> **ANSWER:** Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies, generally and specifically, each and every allegation contained therein.

26.  If a consumer disputes the data provided by a furnisher to the Defendants, the Defendants purport to contact the furnisher to verify the information. If that information is not verified, Defendants purport to place a flag on the trade line to prevent it from being presented on a consumer's credit report.

> **ANSWER:** Experian admits this allegation as it relates to Experian.

27.  However, upon information and belief, the Defendants fail to have reasonable policies and

procedures for addressing a furnisher that is repeatedly providing inaccurate or false consumer information. Upon information and belief, even if the information from a specific furnisher is repeatedly challenged by numerous consumers as completely fabricated, the Defendants continue to allow that furnisher to provide consumer information, assumptively for the purpose of collecting its data reporting fees.

> **ANSWER:**  Experian denies this allegation as it relates to Experian.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

## PLAINTIFF'S EXPERIENCE

28.  October, 2022 Plaintiff noticed the Defendants reported a late payment for a Capital One credit card account #5l7805XXXXXX for the month of August 2022.

> **ANSWER:**  Experian denies this allegation as it relates to Experian.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

29.  Plaintiff knew the late payment reported by the Defendants was incorrect as several on time payments were made to the Capital One account in question during August 2022.

> **ANSWER:**  Experian denies this allegation as it relates to Experian.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

30.  On or about November 12, 2022, Plaintiff mailed a letter to each of the Defendants via certified

mail disputing the incorrect August 2022 late payment for the Capital One credit card account #5l 7805XXXXXX in question. This dispute included Plaintiffs bank statements reflecting the multiple on time payments made to Capital One for the Capital One credit card account #5 l 7805XXXXXX in question.

**ANSWER:**  Experian admits this allegation as it relates to Experian.

31.  On or about November 27, 2022, Plaintiff received a letter from Transunion stating in part "..we won't process any requests unless they come directly from you.."

**ANSWER:**  Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

32.  Transunion failed to investigate the claim and the incorrect late payment remains to this day.

**ANSWER:**  Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

33.  On or about December 06, 2022, Plaintiff received a letter from Experian essentially stating  they investigated the claim regarding the late payment for the Capital One credit card account #517805.:XXXXXX in question and the late payment was correct. The incorrect late payment remains to this day.

**ANSWER:**  Experian admits that it responded to Plaintiff that the account was accurate. Experian denies the allegation that the account was inaccurate.

34.  December 2022, Plaintiff received a notification from Equifax essentially stating they investigated the claim regarding the late payment for the Capital One credit card account #5 l 7805XXXXXX in question and the late payment was correct. The incorrect late payment remains

to this day.

> **ANSWER:**  Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35.  By allowing Capital One to repeatedly and on an ongoing basis not only furnish, but supposedly 'verify', an incorrect late payment account which is completely fraudulent and fabricated, the Defendants fail to have reasonable policies and procedures in place to ensure the maximum possible accuracy of the information they report, in violation of the FCRA.

> **ANSWER:**  Experian denies these allegations as they apply to Experian.

36.  Compounding this failure, the Defendants have willfully, recklessly, and/or negligently failed to develop an effective system to allow consumers to remove inaccurate information from their credit reports, as evidenced by the multitude of individuals who have had late payments verified after disputing them with Defendants.

> **ANSWER:**  Experian denies these allegations as they apply to Experian.

37.  As the result of its violations of the FCRA, the Defendants are liable to Plaintiff for statutory and punitive damages, as well as attorneys' fees and costs. 15 U.S.C. § 1681n.

> **ANSWER:**  Experian denies these allegations as they apply to Experian.

38.  Defendant's conduct and actions were willful. The language of section 1681e(b) is pellucidly clear and there is no reasonable reading of the statute that could support Defendant's actions.

> **ANSWER:**  Experian denies these allegations as they apply to Experian.

39.  The Defendants received notification that Capital One was continuously reporting, and verifying, late payments that were fraudulent and inaccurate. Nonetheless, the Defendants willfully, deliberately and intentionally reported and maintained the incorrect information furnished by

Capital One on Plaintiffs' credit reports, continued to do so after Plaintiff disputed the accuracy thereof.

     **ANSWER:** Experian denies these allegations as they apply to Experian.

40.  The Defendants have further been sued for this exact conduct in the past and were thereby put on notice that it was violating the FCRA by continuing to report and verify as accurate the information furnished by Capital One.

     **ANSWER:** Experian denies these allegations as they apply to Experian.

41.  Upon information and belief, the Defendants do not maintain reasonable procedures to assure they report consumer information with maximum possible accuracy because it would be more expensive to independently verify the accuracy of the information provided by its furnishers that it includes in its consumer reports.

     **ANSWER:** Experian denies these allegations as they apply to Experian.

42.  It is wholly unreasonable for the Defendants to maintain procedures that they know often lead to inaccurate consumer reporting with grave consequences.

     **ANSWER:** Experian denies these allegations as they apply to Experian.

43.  Despite knowing that their procedures are unreasonable, the Defendants recklessly, knowingly, and/or negligently fail to employ procedures that assure that maximum possible accuracy of consumer information compiled and published in its consumer reports.

     **ANSWER:** Experian denies these allegations as they apply to Experian.

44.  Upon information and belief, the Defendants do not independently investigate the furnishers, or the information provided by its furnishers, before including it in consumers' reports.

     **ANSWER:** Experian denies these allegations as they apply to Experian.

45.  The injuries suffered by Plaintiff as a direct result of Defendants' erroneous reporting are the

type of injuries that the FCRA was enacted to prevent.

     **ANSWER:**  Experian denies these allegations as they apply to Experian.

46.  The Defendants know that their services are used to make significant consumer decisions.

     **ANSWER:**  Experian denies these allegations as they apply to Experian.

47.  Upon information and belief, the Defendants knew or should have known that lenders and other financial institutions make significant decisions based on the information contained in its reports.

     **ANSWER:**  Experian denies these allegations as they apply to Experian.

48.  Upon information and belief, the Defendants knew or should have known the negative impact that reporting fraudulent late payments reported by Capital One was likely to have on consumers.

     **ANSWER:**  Experian denies these allegations as they apply to Experian.

49.  As a result of Defendants' conduct, the Plaintiff has suffered concrete injuries. Plaintiff has had fraudulent and inaccurate credit information defamatorily disseminated to third parties, and has his credit scores significantly damaged by this fraudulent information, resulting in less- preferable credit terms and even denial for loans and other sources of credit. Plaintiff has further had his time wasted and expenses incurred in having to dispute these blatant inaccuracies, sometimes repeatedly, due to Defendants' failures. Additionally, Plaintiff has suffered the resulting frustration, anxiety, and emotional distress associated with the reporting of this fraudulent information which has subjected him to abusive credit reporting practices from which they have a substantive right to be free.

     **ANSWER:**  Experian denies these allegations as they apply to Experian.

50.  These injuries are particularized and concrete, but difficult to quantify, rendering the recovery of statutory damages ideal and appropriate.

**ANSWER:**   Experian denies these allegations as they apply to Experian.

51.  Defendants' violations of the FCRA were willful. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

**ANSWER:**   Experian denies these allegations as they apply to Experian.

52.  Additionally, Defendants' violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 17810.

**ANSWER:**   Experian denies these allegations as they apply to Experian.

53.  In any event, the Defendants are liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 168lo.

**ANSWER:**   Experian denies these allegations as they apply to Experian.

## VI. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)

54.  Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

**ANSWER:**   Experian repeats and incorporates by reference its responses to paragraphs above as if fully set forth herein.

55.  Plaintiff brings this claim of behalf of himself.

**ANSWER:**   Experian admits this allegation.

56.  At all times pertinent hereto, Defendant Experian is a "consumer reporting agency" ("CRA") as defined by sections 1681a of the FCRA.

**ANSWER:**   Experian admits this allegation.

57.  At all times pertinent hereto, Defendant Equifax is a "consumer reporting agency" ("CRA")

as defined by sections 1681a of the FCRA.

>    **ANSWER:** Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

58.  At all times pertinent hereto, Defendant Transunion is a "consumer reporting agency" ("CRA") as defined by sections 168 la of the FCRA.

>    **ANSWER:** Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

59.  Plaintiff is a "consumer" as defined by section 1681a(c) of the FCRA.

>    **ANSWER:** Experian admits this allegation.

60.  The above-mentioned reports are a "consumer report" as defined by section 1681a(d) of the FCRA.

>    **ANSWER:** Experian admits this allegation.

61.  Section 168 l e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

>    **ANSWER:** Experian states that this is a legal conclusion that is not subject to denial or admission. To the extent a response is required, Experian states that the FCRA speaks for itself, and denies the allegations of paragraph 61 to the extent they misstate the obligations of Experian under the FCRA.

62.  Were the Defendants to follow procedures to assure maximum possible accuracy of the credit reports it prepares concerning Plaintiff, it would not have included false late payments reported by Capital

One that it knew, or should have known, were incorrect

**ANSWER:**  Experian denies these allegations as they apply to Experian.

63.  Furthermore, were the Defendants to follow procedures to assure maximum possible accuracy of the credit reports it prepares concerning, they would have prevented such information furnished by Capital One from being reported on the credit reports of Plaintiff.

**ANSWER:**  Experian denies these allegations as they apply to Experian.

64.  As a direct and proximate result of the Defendant's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed. Plaintiffs credit score has been greatly lowered as a result of the Defendants' actions, as we11 as suffering the denial of credit, wasted time, stress, anxiety, and emotional distress.

**ANSWER:**  Experian denies these allegations as they apply to Experian.

65. Pursuant to section 1681n and 168 Io of the FCRA, the Defendants are liable for willfully and negligently violating section 1681e(b).

**ANSWER:**  Experian denies these allegations as they apply to Experian.

## COUNT II
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 168li

66. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

**ANSWER:**  Experian repeats and incorporates by reference its responses to paragraphs above as if fully set forth herein.

67. Plaintiff brings this claim on behalf of himself.

**ANSWER:**  Experian admits this allegation.

68. The FCRA provides that if a CRA conducts an investigation of disputed information and

confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. See 15 U.S.C. § 1681i(a)(5)(A).

> **ANSWER:** Experian states that this is a legal conclusion that is not subject to denial or admission. To the extent a response is required, Experian states that the FCRA speaks for itself, and denies the allegations of paragraph 68 to the extent they misstate the obligations of Experian under the FCRA.

69. Plaintiff (as outlined above) initiated disputes with the Defendants requesting that they correct and/or delete the patently inaccurate and damaging information being furnished by CapitalOne.

> **ANSWER:** Experian admits that Plaintiff disputes the Capital One accounts but denies that they were inaccurate.

70. However, the Defendants never adequately investigated Plaintiffs disputes, as required by the FCRA.

> **ANSWER:** Experian denies these allegation as they relate to Experian.

71. Instead, the Defendants, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information on Plaintiffs credit reports, something that any basic investigation would have prevented.

> **ANSWER:** Experian denies these allegation as they relate to Experian.

72. As a direct and proximate result of the Defendants' willful and/or negligent failure to follow conduct a reasonable investigation in response to Plaintiffs disputes, Plaintiff has been harmed, as explained above.

> **ANSWER:** Experian denies these allegation as they relate to Experian.

73. Pursuant to section 1681n and 1681o of the FCRA, the Defendants are liable for willfully and negligently violating section 1681i.

**ANSWER:** Experian denies these allegation as they relate to Experian.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

A.  That judgment be entered in favor of Plaintiff against the Defendants for statutory damages and punitive damages for violation of 15 U.S.C. § 1681e(b), pursuant to 15 U.S.C. § 1681n;

B.  That judgment be entered in favor of Plaintiff against the Defendants for statutory damages and punitive damages for violation of 15 U.S.C. § 168li, pursuant to 15 U.S.C. § 1681n;

C.  That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 16810;

D.  That the Court issue a declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

E.  That the Court grant equitable relief, enjoining the Defendants from engaging in the unjust and unlawful conduct alleged herein; and

F.  That the Court grant such other and further relief as may be just and proper.

**ANSWER:** Experian denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" Paragraph or any relief whatsoever against Experian.

## VIII. TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

**ANSWER:** Experian admits that Plaintiff requests a jury trial.

*******************************************************************

## EXPERIAN'S AFFIRMATIVE DEFENSES

By asserting the defenses set forth below, Experian does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses.  Nor does Experian admit that Plaintiff is relieved of his burden to prove each and every element of his claims and the damages, if any, to which he is entitled.  As for its affirmative defenses, Experian reasserts and reincorporates as if fully set forth herein its responses above to the numbered paragraphs of the Complaint, and to the unnumbered paragraphs contained therein.

## FIRST AFFIRMATIVE DEFENSE

## (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE

## (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## THIRD AFFIRMATIVE DEFENSE

## (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate her damages.

## FOURTH AFFIRMATIVE DEFENSE

## (LACHES)

The Complaint and each claim for relief therein are barred by laches.

## FIFTH AFFIRMATIVE DEFENSE

## (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff herself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SIXTH AFFIRMATIVE DEFENSE

## (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## SEVENTH AFFIRMATIVE DEFENSE

## (UNCLEAN HANDS)

The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

## (REASONABLE PROCEDURES)

At all times relevant to the Complaint, Experian followed reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports.

## NINTH AFFIRMATIVE DEFENSE

## (INTERVENING CAUSES)

Plaintiff's alleged injuries were not caused by Experian, but by independent intervening causes which had no relation in fact to any conduct of Experian.

## TENTH AFFIRMATIVE DEFENSE

### (IMPROPER VENUE)

The venue of this action may be improper if this action is not brought in the district where either the plaintiff or the defendant resides and no acts giving rise to this action occurred within this district.

## ELEVENTH AFFIRMATIVE DEFENSE

### (LACK OF PERSONAL JURISDICTION)

This Court may not have personal jurisdiction over Defendant as the allegations of the Complaint are too scant to make a determination.

## TWELFTH AFFIRMATIVE DEFENSE

### (MANDATORY ARBITRATION)

Plaintiff may have agreed to arbitrate all claims with Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

(1)     For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

_/s/ Mitchell Osterday_
Mitchell Osterday (34398-49)
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone:      (317) 231-7507
Facsimile:      (317) 231-7433
Email:
        Mitchell.Osterday@btlaw.com

_Counsel for Defendant_
_Experian Information Solutions, Inc._

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 3rd day of April, 2023, the foregoing was

electronically filed via S.D. Indiana CM-ECF and served on Plaintiff _pro se_ Hugo Diaz

via email to terra.res.llc@gmail.com and via U.S. First Class Mail to:

Hugo Diaz
4211 Bridge Court
Floyds Knobs, IN 47119
Terra.res.llc@gmail.com


_/s/ Mitchell Osterday_
Mitchell Osterday (34398-49)